# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **DUNG THANH NGUYEN,**<br><br>***Petitioner*,**<br><br>**v.**<br><br>**MARKWAYNE MULLIN, IN HIS CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR OF THE UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; JOHN/JANE DOE, IN HIS/HER OFFICIAL CAPACITY AS DIRECTOR, EL PASO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; AND TODD BLANCHE, IN HIS OFFICIAL CAPACITY AS ACTING ATTORNEY GENERAL OF THE UNITED STATES,**<br><br>***Respondents*.** | § § § § § § § § § § § § § § § § § § § § § § § § | **No. 3:26-CV-01363-LS** |

## ORDER DISMISSING CASE

Respondents have notified the court that Petitioner was removed from the United States on or about September 8, 2026.[1] Petitioner filed a petition for a writ of habeas corpus regarding his detention by Immigration and Customs Enforcement.[2] Because Petitioner is no longer detained by Respondent, his petition is moot.[3] The Court therefore **DENIES** Petitioner's writ of habeas corpus and all pending motions, and **DISMISSES** this case as moot.

---

[1] ECF No. 7.
[2] ECF No. 1.
[3] *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (stating that a habeas petition becomes moot when the habeas relief requested can no longer be effected); *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)

**SO ORDERED**.

**SIGNED** and **ENTERED** on November 17, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

(“[A] case ‘becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.’” (citation omitted)).